Mark A. Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Brandon K. Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
Brooke W. Waldrop (SBN 314486)
Brooke.Waldrop@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:      (310) 556-4811
Facsimile:      (310) 943-0396

Attorneys for Plaintiff Omar Zine

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| OMAR ZINE, individually, and on behalf of other members of the general public similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| NESPRESSO USA, INC., a Delaware corporation; NESTLE USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | (2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages); |
| Defendants. | (3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods); |

(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);
(5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(6) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);
(7) Violation of California Labor Code § 227.3 (Failure to Pay Vested Vacation Time and Paid Time Off Upon Termination);
(8) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);
(9) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and
(10) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Omar Zine, individually and on behalf of all other members of the public similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.     This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.  Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.

2.     This Court has jurisdiction over Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.     Venue is proper in this Court because Defendants employ persons in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

**THE PARTIES**

4.     Plaintiff Omar Zine is a resident of Los Angeles, in Los Angeles County, California.  Defendants employed Plaintiff as an hourly paid, non-exempt Specialist Boutique Coffee from approximately December 2015 to February 2019.  Plaintiff worked for Defendants at their location in Beverly Hills, California.  During his employment, Plaintiff typically worked eight (8) or more hours per day, and five (5) days per week.  Plaintiff's primary job duties included, without limitation, performing product demonstrations, providing customer service, opening and closing the store, and stocking merchandise.

5.     NESPRESSO USA, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are

Exhibit 1, Page 9

1   engaged throughout this county, the State of California, or the various states of the United

2   States of America.

3         6.      NESTLE USA, INC. was and is, upon information and belief, a Delaware

4   corporation, and at all times hereinafter mentioned, an employer whose employees are

5   engaged throughout this county, the State of California, or the various states of the United

6   States of America.

7         7.      Plaintiff is unaware of the true names or capacities of the Defendants sued

8   herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

9   amend the complaint and serve such fictitiously named Defendants once their names and

10  capacities become known.

11        8.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

12  were the partners, agents, owners, or managers of NESPRESSO USA, INC. and NESTLE

13  USA, INC. at all relevant times.

14        9.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

15  acts and omissions alleged herein was performed by, or is attributable to, NESPRESSO USA,

16  INC.; NESTLE USA, INC.; and/or DOES 1 through 10 (collectively, "Defendants" or

17  "NESPRESSO"), each acting as the agent, employee, alter ego, and/or joint venturer of, or

18  working in concert with, each of the other co-Defendants and was acting within the course and

19  scope of such agency, employment, joint venture, or concerted activity with legal authority to

20  act on the others' behalf.  The acts of any and all Defendants were in accordance with, and

21  represent, the official policy of Defendants.

22        10.     At all relevant times, Defendants, and each of them, ratified each and every act

23  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

24  and abetted the acts and omissions of each and all the other Defendants in proximately causing

25  the damages herein alleged.

26        11.     Plaintiff is informed and believes, and thereon alleges, that each of said

27  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

28  omissions, occurrences, and transactions alleged herein.

CLASS ACTION COMPLAINT      Exhibit 1, Page 10

12.     Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records.  Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common-law employment relationship.  As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

13.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

      (a)     jointly exercised meaningful control over the work performed by Plaintiff and class members;

      (b)     jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

      (c)     jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

      (d)     jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

14.   Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

15.   NESPRESSO USA, INC.; NESTLE USA, INC.; and DOES 1 through 10 are therefore alter egos of each other.

16.   Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name NESPRESSO.

17.   Plaintiff further alleges, upon information and belief, that Defendants NESPRESSO USA, INC. and NESTLE USA, INC. are alter egos of each other for the following reasons:

      (a)   On the California Secretary of State's website (https://businesssearch.sos.ca.gov/), NESPRESSO USA, INC. and NESTLE USA, INC. share the same entity and entity mailing address, "1812 N. MOORE STREET, ARLINGTON VA 22209";

      (b)   According to their most recent "Statement of Information" forms filed with the California Secretary of State, NESPRESSO USA, INC. and NESTLE USA, INC. share the same officers and/or directors, including, but not limited to, Michael Prewitt, who serves as Secretary of NESPRESSO USA, INC. and NESTLE USA, INC.;

      (c)   NESPRESSO USA, INC. and NESTLE USA, INC. share the same agent for service of process, C T CORPORATION SYSTEM; and

      (d)   On information and belief, NESPRESSO USA, INC. and NESTLE USA, INC. utilize the same standardized employment forms and issue the same employment policies.

**GENERAL ALLEGATIONS**

18.   Defendants are Delaware corporations that produce and distribute some of the world's most well-known food brands, including Nescafe, Gerber, and Carnation.  Together,

Defendants are a coffee and coffee-maker company that provides various brands of coffee makers, accessories, and premium coffees.  Defendants operate at least nine (9) retail locations in California.  Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in Arlington, Virginia, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

19.     In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.

20.     Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Arlington, Virginia, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations and jobsites in California, including Plaintiff and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

21.     Defendants continue to employ non-exempt or hourly paid employees in California.

22.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

23.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding overtime rate of pay, that included as eligible income all remuneration required by law, including but not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiff and class members were not authorized and permitted to take compliant rest periods, nor did Defendants provide Plaintiff and class members with payment of one (1) additional hour of

Exhibit 1, Page 14

1    pay at their regular rates of pay when they were not authorized and permitted to take a

2    compliant rest period.

3        29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4    should have known that Plaintiff and class members were entitled to timely payment of all

5    wages earned upon termination of employment.  In violation of the California Labor Code,

6    Plaintiff and class members did not receive payment of all wages due, including, but not

7    limited to, overtime wages, minimum wages, all vested vacation pay, and meal and rest period

8    premiums, within permissible time periods.

9        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10   should have known that Plaintiff and class members were entitled to timely payment of wages

11   during their employment.  In violation of the California Labor Code, Plaintiff and class

12   members did not receive payment of all wages, including, but not limited to, overtime wages,

13   minimum wages, and/or meal and rest period premiums, within permissible time periods.

14       31.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

15   mentioned, that Defendants knew or should have known that they had a duty to cover the costs

16   and expenses Plaintiff and class members incurred obtaining mandatory physical examinations

17   and/or drug tests, but willfully, knowingly, and intentionally failed to do so.

18       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

19   should have known that Plaintiff and class members were entitled to payment of all vested

20   vacation wages upon termination of employment.  In violation of the California Labor Code,

21   Plaintiff and class members did not receive payment of all vested vacation wages due.

22       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

23   should have known that Plaintiff and class members were entitled to receive full

24   reimbursement for all business-related expenses and costs they incurred during the course and

25   scope of their employment and that they did not receive full reimbursement of applicable

26   business-related expenses and costs incurred.

27       34.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

28   mentioned, Defendants knew or should have known that they had a duty to compensate

Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

35.  Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382.

36.  All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

37.  Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, within four years prior to the filing of the initial complaint until the date of trial ("Class").

38.  Members of the Class are referred to herein as "class members."

39.  Plaintiff reserves the right to redefine the Class and add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

40.  There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)  Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b)  Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff's and class members' overtime rate of pay was based;

(c)  Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d)  Whether Defendants failed to provide Plaintiff and class members with

meal periods;

(e)     Whether Defendants failed to authorize and permit Plaintiff and class
        members to take rest periods;

(f)     Whether Defendants failed to pay earned overtime wages, minimum
        wages, all vested vacation pay, and meal and rest period premiums due
        to Plaintiff and class members upon their discharge;

(g)     Whether Defendants failed timely to pay overtime wages, minimum
        wages, and meal and rest period premiums to Plaintiff and class
        members during their employment;

(h)     Whether Defendants failed to pay Plaintiff and class members for the
        costs of mandatory physical examinations and/or drug testing;

(i)     Whether Defendants failed to pay Plaintiff and class members all vested
        vacation time as wages at their final rate in accordance with the terms
        and conditions of Defendants' employment contract and/or policy;

(j)     Whether Defendants failed to reimburse Plaintiff and class members for
        necessary and required business-related expenditures and/or losses
        incurred by them in the scope of their employment;

(k)     Whether Defendants engaged in unlawful and unfair business practices
        in violation of California Business & Professions Code sections 17200,
        *et seq.*; and

(l)     The appropriate amount of damages, restitution, or monetary penalties
        resulting from Defendants' violations of California law.

41.     There is a well-defined community of interest in the litigation and the class
members are readily ascertainable:

(a)     Numerosity:  The class members are so numerous that joinder of all
        members would be unfeasible and impractical.  The membership of the
        entire class is unknown to Plaintiff at this time; however, the class is
        estimated to be greater than one hundred (100) individuals and the

identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future

endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

42.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

43.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

44.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

45.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

46.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

47.     California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

48.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

49.     First, during the relevant time period, Defendants had a company-wide policy and/or practice of strictly limiting the amount of overtime employees could accrue.  On information and belief, this limitation on overtime accrual was based on a company-wide policy of staffing locations strictly based on the labor hours or labor budget set by corporate. This policy of limiting overtime, coupled with Defendants' understaffing policy, as well as the assignment of heavy workloads and strict targets or quotas for selling products (*see infra*), led Plaintiff and class members to work off-the-clock before and after their scheduled shift times in order to complete their assigned tasks.

50.     As a result of this restriction on overtime accrual, Defendants forced Plaintiff and class members to perform work off-the-clock outside of their scheduled shifts, such as assisting customers, completing assignments, and traveling to events and mandatory trainings. Defendants discouraged and impeded Plaintiff and class members from recording hours worked that were outside of their scheduled shifts, upon threat of discipline for incurring unapproved overtime hours.

51.     Thus, Plaintiff and class members were required to work off-the-clock performing tasks before and after their scheduled shifts, but were prevented from accounting for and recording this time in the Kronos timekeeping system.  For example, Plaintiff would

frequently arrive 20-30 minutes early and wait in the back of his store before his scheduled shift start time, but coworkers and managers would call him up to the front to answer questions from customers who requested his assistance.  However, he was not permitted to clock in until his scheduled shift start-time.  He was also required to clock out at his designated shift end-time even when he had additional assignments to complete for the day, working 1-3 hours after he had clocked out, restocking shelves and cleaning the store. Moreover, Defendants had a company-wide policy of requiring employees to undergo mandatory walkthroughs or performance checks by a managerial employee before leaving the store premises  For example, after clocking out at the end of their shifts, Plaintiff and class members were required to wait for management to become available to review and confirm completion of their closing tasks, such as restocking shelves, before being permitted to leave the store premises.  Finally, Defendants required Plaintiff and class members to work at off-site events and attend mandatory off-site trainings, but did not compensate them for their time spent traveling to these events and training sessions.  Thus, Defendants failed to track all of this time spent working before clocking in or after clocking out, and Plaintiff and class members received no compensation for this time.

52.     Second, Defendants had a company-wide loss prevention policy requiring employees to undergo mandatory security checks by a managerial employee before leaving the store premises.  As a result of Defendants' policy, Plaintiff and class members were required to undergo security screenings after clocking out at the end of a shift prior to leaving the store premises.  For example, after clocking out at the end of their shifts, Plaintiff and class members were required to wait up to 15 minutes for a manager to check their belongings.  Although Defendants' requirement that Plaintiff and class members undergo security checks was mandatory, Defendants did not compensate them for the time it took them to wait in line and undergo these checks.  Thus, Plaintiff and class members were not compensated for the time spent waiting and undergoing security screenings while off-the-clock.

53.     Third, during the relevant time period, Defendants had a company-wide policy

Exhibit 1, Page 21

and/or practice of improperly rounding employee clock-in and clock-out times in their timekeeping system. Defendants' rounding policy resulted in the failure to compensate Plaintiff and class members fully for all hours worked, causing Plaintiff and class members to not be paid overtime wages for all of the overtime hours they actually worked. Upon information and belief, Defendants' rounding policy is, and continues to be, unfair and has, over time, resulted in the underpayment of wages to Plaintiff and class members. To the extent Defendants' rounding policy has taken away time worked that was eligible for overtime, Plaintiff and class members were denied overtime pay for all hours worked.

54.     Fourth, as stated, Defendants had, and continue to have, a company-wide policy staffing their locations strictly based on the labor hours or labor budget set by the corporate office. Defendants' use of a labor budget resulted in chronic understaffing, such that there were too few employees on duty to handle the heavy workload, which included quarterly and individual targets or quotas for selling products, as well as daily tasks to be completed on a deadline. Because Defendants did not employ or staff an adequate number of employees to meet their productivity expectations and failed to provide employees with adequate meal period coverage, Plaintiff and class members were assigned heavy workloads, which Defendants knew or should have known could only be met by working additional hours. Plaintiff and class members missed meal periods and/or had meal periods cut short or interrupted in order to handle their workloads and address customer and client demand.

55.     Fifth, Defendants have, on a company-wide basis, failed to adhere to a schedule of meal periods. This company-wide practice, coupled with the heavy workload and pressure from Defendants to complete assigned tasks, impeded Plaintiff and class members from taking timely, compliant meal periods. Additionally, Plaintiff and class members would be required to respond to text messages and/or calls on their personal cellular phones from supervisors and management during unpaid meal periods to assist certain big clients. As a result, Plaintiff and class members were not afforded timely, uninterrupted thirty (30) minute meal periods during shifts in which they were entitled to receive meal periods.

56.     Sixth, Defendants' company-wide timekeeping system locked Plaintiff and

class members out once they clocked out for a meal period and would not permit them to clock back in from a meal before 30 minutes elapsed.  Defendants' timekeeping system further prevented Plaintiff and class members from recording all hours worked when their meal periods were shortened or interrupted.  Additionally, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants pressured Plaintiff and class members to clock out for meal periods and/or adjusted employee time records to reflect compliant meal periods, regardless of whether they had received a compliant meal period or not, in order to strictly limit meal penalties that Defendants would otherwise owe.  Thus, Plaintiff and class members performed work during meal periods for which they were not paid.  Defendants did not pay Plaintiff and class members for the time they continued to perform tasks during meal periods.

57.     Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing assigned duties off-the-clock and during meal periods, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they worked.

58.     Furthermore, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated.  In addition to an hourly wage, Defendants paid Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.  However, in violation of the California Labor Code, Defendants failed to incorporate all compensation, including but not limited to, all incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.  Therefore, during times when Plaintiff and class members worked overtime and received these other forms of pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

59.     Specifically, Defendants paid Plaintiff and class members nondiscretionary bonuses or incentive pay for meeting certain productivity-related metrics and sales quotas.  On information and belief, these nondiscretionary bonuses and/or incentive pay were listed on Plaintiff's and class members' wage statements as "Nespresso STI Payment," "Incentives/Bonus/Awards," "Real Recog/Awds GUtax," and "Imp Inc Prizes/Awds GUtax." During pay periods that Plaintiff and class members were paid overtime wages, Defendants failed to incorporate the nondiscretionary bonus and/or incentive pay into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked.  Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay.  Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

60.     Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against all Defendants)**

61.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

62.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in Wage Order No. 7 as "the time during which an employee is subject to the control of an employer, and includes all the time

the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code.
Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

63.    As stated above, due to Defendants' restrictions on overtime accrual,
Defendants systematically failed to pay Plaintiff and class members for actual hours worked
before and after scheduled shifts, because these hours were not accurately recorded.
Moreover, Defendants had a company-wide policy and/or practice of rounding Plaintiff's and
class members' hourly clock-in and clock-out times in their timekeeping system, resulting in
the failure to compensate Plaintiff and class members for all hours worked.  As also stated,
during the relevant time period, Defendants required that Plaintiff and class members perform
work off-the-clock after their scheduled shifts, including submitting to off-the-clock security
checks, waiting to undergo mandatory walkthroughs or performance checks by a managerial
employee before leaving the store premises, and traveling to off-site events and training
sessions.

64.    Additionally, as set forth above, due to Defendants' uniform practice of
utilizing labor budgets, resultant understaffing, assignment of heavy workloads, failure to
adhere to a schedule of meal periods, and subsequent lack of meal period coverage, Plaintiff
and class members were impeded from taking all uninterrupted meal periods to which they
were entitled and were required to work off-the-clock.  In addition, Defendants systematically
failed to pay Plaintiff and class members for actual hours worked during unpaid meal periods
because these hours were not always correctly recorded.  As set forth above, Defendants'
timekeeping system did not permit Plaintiff and class members to clock back in early when
their meal periods were interrupted and Defendants' policies required Plaintiff and class
members to clock out for meal periods, upon threat of discipline, even though Plaintiff and
class members performed additional duties and were subject to Defendants' control during
this time.

65.    Furthermore, Defendants maintained and implemented a company-wide policy
of requiring all employees to travel to a medical facility on their own time and using their own
personal vehicles to undergo mandatory drug testing and/or physical examinations.  At all

times, Defendants were in control of scheduling the time period for the testing and/or physical examinations, selecting the provider or facility where the testing and/or physical examinations were to take place, and determining the scope of the testing and/or physical examinations.  For example, Defendants gave Plaintiff strict instructions to obtain drug testing, and Plaintiff underwent the testing for the sole benefit of Defendants.  Plaintiff followed Defendants' instructions and spent 40 minutes total traveling to and from the medical facility designated by Defendants near Los Angeles International Airport, another 45 minutes waiting at the medical facility, and 20 minutes undergoing the requisite testing.  However, Defendants did not compensate Plaintiff and class members for the time they spent traveling to and from the medical facilities and undergoing the mandatory drug testing and/or physical examinations.

66.     Defendants did not pay minimum wages for off-the-clock hours that Plaintiff and class members worked through that qualified for overtime premium payment.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

67.     Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period Violations**

**(Against all Defendants)**

68.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

69.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not

1   less than thirty (30) minutes, except that if the total work period per day of the employee is

2   not more than six (6) hours, the meal period may be waived by mutual consent of both the

3   employer and the employee. Under California law, first meal periods must start after no more

4   than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal.

5   2012).

6          70.     At all relevant times herein set forth, California Labor Code sections 226.7,

7   512(a), 516, and 1198 provide that no employer shall require an employee to work during any

8   meal period mandated by an applicable order of the IWC.

9          71.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and

10  the applicable IWC Wage Order also require employers to provide a second meal period of

11  not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an

12  employee one (1) additional hour of pay at the employee's regular rate, except that if the total

13  hours worked is no more than twelve (12) hours, the second meal period may be waived by

14  mutual consent of the employer and the employee only if the first meal period was not waived.

15         72.     As stated, Defendants had, and continues to have, a company-wide policy

16  and/or practice of understaffing pursuant to their labor budget practices, while simultaneously

17  assigning heavy workloads and discouraging employees from incurring overtime, which

18  resulted in a lack of meal period coverage and prevented Plaintiff and class members from

19  taking all timely, uninterrupted meal periods to which they were entitled. Additionally,

20  Defendants failed to adhere to a schedule of meal periods, resulting in Plaintiff and class

21  members having their meal periods interrupted to return to work or waiting extended periods

22  of time before taking meal periods, due to the workload and pressure to meet quotas without

23  incurring overtime. Also, Plaintiff and class members were required to respond to calls on

24  their personal cellular phones from supervisors and management during unpaid meal periods.

25  These policies and practices discouraged and impeded Plaintiff and class members from

26  taking compliant meal periods.

27         73.     As a result of Defendants' practices and/or policies, Plaintiff and class

28  members were forced to work in excess of five (5) hours before taking a meal period and, at

Exhibit 1, Page 27

times, had their meal periods interrupted, and/or had to forgo their meal periods altogether. For example, Plaintiff would work in excess of five (5) hours before taking a meal period, if he took one at all.  Moreover, Plaintiff's meal periods were interrupted or shortened in order to respond to questions from Defendants' customers, employees, or supervisors.

74.     Further, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management would pressure employees to clock out for meal periods and continue working in order to strictly limit meal penalties that would need to be paid by Defendants.  Additionally, as described above, Defendants implemented an electronic timekeeping system that locked out Plaintiff and class members and prevented them from clocking in early from meal periods until 30 minutes had elapsed.  As a result of Defendants' timekeeping system, Plaintiff and class members were prevented from accurately recording when they had to return early from a meal period so that they could be compensated for that time.

75.     Moreover, Defendants did not provide Plaintiff and class members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. During his employment, Plaintiff worked shifts in excess of ten (10) hours or more per day, but was not provided a second 30-minute meal period.  Plaintiff and class members did not sign valid meal period waivers on all days that they were entitled to meal periods and were not relieved of all duties.

76.     Defendants knew or should have known that as a result of their policies, Plaintiff and class members were not actually relieved of all duties to take timely, uninterrupted meal periods.  Defendants further knew or should have known that they did not pay Plaintiff and class members meal period premium wages when meal periods were missed, late, short, and/or interrupted because, on information and belief, Defendants adjusted employee time records to reflect compliant meal periods, even if none were taken.

77.     Moreover, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because of Defendants' practices and/or policies, Plaintiff and class members did not receive

premium pay for all missed, late, and interrupted meal periods.  Alternatively, to the extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premium wages because Defendants systematically failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512, and 516 and failed to pay the full meal period premiums due.

78.     Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

## FOURTH CAUSE OF ACTION

## Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations

## (Against all Defendants)

79.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

80.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff and class members' employment by Defendants.

81.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

82.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable

order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

83.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' policies and/or practice of understaffing and assigning heavy workloads prevented Plaintiff and class members from being relieved of all duty in order to take compliant rest periods.  Defendants also failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take rest periods.

84.     Furthermore, on information and belief, Defendants maintained and implemented a company-wide practice and/or policy requiring that Plaintiff and class members remain on Defendants' premises during their rest periods.  Because Plaintiff and class members were restricted from leaving Defendants' premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes.  Thus, Defendants effectively maintained control over Plaintiff and class members during rest periods, and, as a result of this rest period policy, Defendants did not relinquish control over Plaintiff and class members during rest periods.

85.     As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.  Throughout his

employment, Plaintiff missed his rest periods due to understaffing and the heavy workload, or would have his rest periods interrupted by Defendants' supervisors and co-workers asking questions about work-related matters or requesting his assistance with customers.

86.     Defendants have also engaged in a systematic, company-wide practice and/or policy of not paying rest period premiums owed when rest periods are not authorized and permitted.  Alternatively, to the extent that Defendants did pay Plaintiff and class members one (1) additional hour of premium pay for missed rest periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a result, Defendants denied Plaintiff and class members rest periods and failed to pay them rest period premium wages due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

87.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid**

**Upon Termination**

**(Against all Defendants)**

88.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

89.     This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, all vested vacation pay, and/or meal and rest period premium wages that were not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

90.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide

1    that if an employer discharges an employee, the wages earned and unpaid at the time of

2    discharge are due and payable immediately, and that if an employee voluntarily leaves his or

3    her employment, his or her wages shall become due and payable not later than seventy-two

4    (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

5    his or her intention to quit, in which case the employee is entitled to his or her wages at the

6    time of quitting.

7          91.     Defendants willfully failed to pay Plaintiff and class members who are no

8    longer employed by Defendants the earned and unpaid wages set forth above, including but

9    not limited to, overtime wages, minimum wages, all vested vacation pay, and/or meal and rest

10   period premium wages, either at the time of discharge, or within seventy-two (72) hours of

11   their leaving Defendants' employ.

12         92.     Defendants' failure to pay Plaintiff and class members who are no longer

13   employed by Defendants their wages earned and unpaid at the time of discharge, or within

14   seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201

15   and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the

16   statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a

17   thirty (30) day maximum pursuant to California Labor Code section 203.

18                            **SIXTH CAUSE OF ACTION**

19   **Violation of California Labor Code § 204—Failure to Timely Pay Wages During**

20                                  **Employment**

21                            **(Against all Defendants)**

22         93.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

23   and every allegation set forth above.

24         94.     This cause of action is dependent upon, and wholly derivative of, the overtime

25   wages, minimum wages, and/or meal and rest period premium wages, that were not timely

26   paid to Plaintiff and those class members.

27         95.     At all times relevant herein set forth, Labor Code section 204 provides that all

28   wages earned by any person in any employment between the first (1st) and the fifteenth (15th)

days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

96.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

97.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

98.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within the time periods specified by California Labor Code section 204.

99.    Defendants' failure to pay Plaintiff and class members all wages due violates Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 227.3—Failure to Pay All Vested Vacation Time and Paid Time Off Upon Termination**

**(Against all Defendants)**

100.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

101.    This cause of action is dependent upon, and wholly derivative of, the overtime

1    wages and minimum wages that were not timely paid to Plaintiff and those class members.

2    102.    At all relevant times herein set forth, California Labor Code section 227.3

3    provides that whenever a contract of employment or employer policy provides for paid

4    vacations, and an employee is terminated without having taken his or her vested vacation

5    time, all vested vacation shall be paid to him or her as wages at his or her final rate in

6    accordance with such contract of employment or employer policy respecting eligibility or time

7    served.

8    103.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

9    class members all vested vacation wages that were owed to them at the end of their

10   employment.  For example, Defendants' Paid Time Off (PTO) policy stated that employees

11   earned one (1) hour of PTO for every 30 hours worked.  However, Defendants failed to

12   calculate and pay all earned vested vacation hours due to the hours Plaintiff and class

13   members worked off-the-clock pursuant to company-wide policies and/or practices.

14   104.    Defendants' failure to pay Plaintiff and class members who are no longer

15   employed by Defendants all vested vacation wages at the end of their employment caused a

16   forfeiture of vested vacation wages in violation of California Labor Code section 227.3.

17   Accordingly, Plaintiff and class members are entitled to recover from Defendants their unpaid

18   vested vacation wages due to them, plus interest.

19                              **EIGHTH CAUSE OF ACTION**

20   **Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

21                              **(Against all Defendants)**

22   105.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

23   and every allegation set forth above.

24   106.    At all times herein set forth, California Labor Code section 2802 provides that

25   an employer must reimburse employees for all necessary expenditures and losses incurred by

26   the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is

27   to prevent employers from passing off their cost of doing business and operating expenses on

28   to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144

(2014).  The applicable wage order, IWC Wage Order 1-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

107.    First, during the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal cellular phones and/or cellular data to carry out their job duties, but failed to reimburse them for the costs of their work-related cellular phone expenses.  Plaintiff and class members were required to use their personal cellular phones to complete their job-related tasks, such as discussing work-related matters with supervisors.  Although Defendants required Plaintiff and class members to utilize their personal cellular phones to carry out their work-related responsibilities, Defendants failed to fully reimburse them for this cost.

108.    Second, Defendants had a company-wide policy of requiring Plaintiff and class members to utilize their own personal vehicles for work purposes such as driving to off-site events and off-site training sessions, but failed to reimburse them for all costs of travel, including mileage.  For example, Plaintiff drove approximately 20-30 miles per month traveling to off-site events.  Although Defendants required Plaintiff and class members to utilize their own vehicles to travel to and from off-site events and off-site trainings, Defendants did not reimburse them fully for all of their travel expenses.

109.    Third, Defendants also had a company-wide policy of requiring Plaintiff and class members to travel in their own personal vehicles to obtain mandatory drug testing and/or physical examinations, but did not reimburse them for their travel expenses, including mileage.  Defendants maintained and implemented a company-wide policy of requiring all employees to travel to a medical facility on their own time and using their own personal vehicles to undergo mandatory physical examinations and/or drug testing.  At all times, Defendants were in control of scheduling the date and time for the testing and/or physical

examinations, selecting the provider or facility where the testing and/or physical examinations were to take place, and determining the scope of the testing and/or physical examinations.  For example, Defendants gave Plaintiff strict instructions to obtain drug testing, and Plaintiff underwent the testing for the sole benefit of Defendants.  As described above, Plaintiff followed Defendants' instructions, traveled 14 miles roundtrip in his personal vehicle to and from a medical facility near Los Angeles International Airport, and underwent the drug testing, but was not reimbursed for his mileage to and from the medical facility.  Although Defendants required Plaintiff and class members to undergo drug testing and/or physical examinations, Defendants failed to reimburse them for their travel expenses.

110.    Defendants could have provided Plaintiff and class members with the actual tools for use on the job, such as company phones or company vehicles, or Defendants could have fully reimbursed employees for the costs of cellular phone expenses, travel, and mileage. Instead, Defendants passed these operating costs off onto Plaintiff and class members.  At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

111.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members for necessary business-related expenses and costs.

112.    Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

### NINTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* –

### Unlawful Business Practices

### (Against all Defendants)

113.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

114.    Defendants are "persons" as defined by California Business & Professions

1   Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

2   and/or associations.

3       115.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

4   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has

5   suffered injury in fact and has lost money as a result of Defendants' unlawful business

6   practices.  Plaintiff seeks to enforce important rights affecting the public interest within the

7   meaning of Code of Civil Procedure section 1021.5.

8       116.   Defendants' activities, as alleged herein, are violations of California law, and

9   constitute unlawful business acts and practices in violation of California Business &

10  Professions Code sections 17200, *et seq*.

11      117.   A violation of California Business & Professions Code sections 17200, *et seq.*

12  may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

13  policies and practices have violated state law in at least the following respects:

14          (a)   Requiring non-exempt, hourly paid employees, including Plaintiff and

15              class members, to work overtime without paying them proper

16              compensation in violation of California Labor Code sections 510 and

17              1198 and the applicable IWC Order, and paying Plaintiff and class

18              members overtime at a lower rate than required by law by failing to

19              properly calculate the regular rate of pay for purposes of overtime, as

20              alleged herein;

21          (b)   Failing to pay at least minimum wage to Plaintiff and class members in

22              violation of California Labor Code sections 1182.12, 1194, 1197,

23              1197.1, and 1198 and the applicable IWC Order, as alleged herein;

24          (c)   Failing to provide uninterrupted meal periods to Plaintiff and class

25              members in violation of California Labor Code sections 226.7, 512(a),

26              516, 1198, and the applicable IWC Order, as alleged herein;

27          (d)   Failing to authorize and permit Plaintiff and class members to take

28              uninterrupted rest periods in violation of California Labor Code sections

226.7, 516, 1198, and the applicable IWC Order, as alleged herein;

(e)    Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC Order, as alleged herein;

(f)    Failing to pay Plaintiff and class members the costs of mandatory physical examinations and/or drug testing in violation of California Labor Code section 222.5, as set forth below;

(g)    Failing to pay all vested vacation pay to Plaintiff and class members in violation of California Labor Code 227.3, as alleged herein; and

(h)    Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code sections 2802, as alleged herein.

118.    At all relevant times herein, California Labor Code section 222.5 requires employers to pay for the costs an employee incurs for obtaining any medical or physical examination taken.

119.    At all times relevant herein, Defendants implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and class members undergo a mandatory physical examination and/or drug test, upon hiring, but required them to do so at their own expense.  As stated, Defendants had a company-wide policy requiring that all employees, including Plaintiff and class members, travel to a specified medical facility using their own personal vehicles to undergo physical examinations and/or drug testing.  At all times, Defendants were in control of scheduling the date and time for the examination and/or testing, selecting the provider/facility where the examination and/or testing was to take place, and determining the scope of the examination and/or testing.

120.    During the relevant time period, Plaintiff was instructed by Defendants to travel to a medical facility near Los Angeles International Airport and obtain a drug test.  Plaintiff followed Defendants' instructions, traveled to the facility Defendants selected, and underwent the testing.  Plaintiff was required to travel approximately 14 miles roundtrip to and from a

medical facility selected by Defendants using his own vehicle, driving for approximately 40 minutes total, and spent 65 minutes waiting at the medical facility and undergoing the requisite testing.

121.    However, Defendants did not compensate Plaintiff and class members for the time they spent traveling to and from the medical facilities, for the time they spent undergoing the physical examinations and/or drug testing, or reimburse them for the travel expenses they incurred getting to and from the medical facilities.  Defendants' policy and/or not paying for all costs Plaintiff and class members incurred obtaining mandatory physical examinations and/or drug testing is in violation of California Labor Code section 222.5.

122.    As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

123.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200,** *et seq.* **–**

**Unfair Business Practices**

**(Against all Defendants)**

124.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

125.    Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

126.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

127.     Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premium wages due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct.  *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (Id.)

128.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

129.     Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

//

1

**REQUEST FOR JURY TRIAL**

2      Plaintiff requests a trial by jury.

3

**PRAYER FOR RELIEF**

4      Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

5 against Defendants, jointly and severally, as follows:

6      1.      For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

7 excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

8 reserves the right to amend his prayer for relief to seek a different amount.

9

**Class Certification**

10      2.      That this case be certified as a class action;

11      3.      That Plaintiff be appointed as the representative of the Class;

12      4.      That counsel for Plaintiff be appointed as class counsel.

13

**As to the First Cause of Action**

14      5.      That the Court declare, adjudge, and decree that Defendants violated California

15 Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

16 pay all overtime wages due to Plaintiff and class members;

17      6.      For general unpaid wages at overtime wage rates and such general and special

18 damages as may be appropriate;

19      7.      For pre-judgment interest on any unpaid overtime compensation commencing

20 from the date such amounts were due, or as otherwise provided by law;

21      8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

22 California Labor Code section 1194(a); and

23      9.      For such other and further relief as the Court may deem equitable and

24 appropriate.

25

**As to the Second Cause of Action**

26      10.      That the Court declare, adjudge and decree that Defendants violated California

27 Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay

28 minimum wages to Plaintiff and class members;

Exhibit 1, Page 41

1    11.    For general unpaid wages and such general and special damages as may be

2    appropriate;

3    12.    For pre-judgment interest on any unpaid compensation from the date such

4    amounts were due, or as otherwise provided by law;

5    13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

6    California Labor Code section 1194(a);

7    14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

8    15.    For such other and further relief as the Court may deem equitable and

9    appropriate.

10                                **As to the Third Cause of Action**

11    16.    That the Court declare, adjudge, and decree that Defendants violated California

12    Labor Code sections 226.7, 512(a), 516, and 1198 and applicable IWC Wage Order(s) by

13    willfully failing to provide all meal periods to Plaintiff and class members;

14    17.    That the Court make an award to the Plaintiff and class members of one (1)

15    hour of pay at each employee's regular rate of pay for each workday that a meal period was

16    not provided;

17    18.    For all actual, consequential, and incidental losses and damages, according to

18    proof;

19    19.    For premiums pursuant to California Labor Code section 226.7(b);

20    20.    For pre-judgment interest on any unpaid meal period premiums from the date

21    such amounts were due, or as otherwise provided by law;

22    21.    For attorneys' fees pursuant to California Code of Civil Procedure section

23    1021.5, or as otherwise provided by law; and

24    22.    For such other and further relief as the Court may deem equitable and

25    appropriate.

26                                **As to the Fourth Cause of Action**

27    23.    That the Court declare, adjudge and decree that Defendants violated California

28    Labor Code sections 226.7, 516, and 1198 and applicable IWC Wage Orders by willfully

1    failing to authorize and permit Plaintiff and class members to take all rest periods;

2         24.    That the Court make an award to the Plaintiff and class members of one (l) hour

3    of pay at each employee's regular rate of pay for each workday that a rest period was not

4    authorized and permitted;

5         25.    For all actual, consequential, and incidental losses and damages, according to

6    proof;

7         26.    For premiums pursuant to California Labor Code section 226.7(b);

8         27.    For pre-judgment interest on any unpaid rest period premiums from the date

9    such amounts were due, or as otherwise provided by law;

10        28.    For attorneys' fees pursuant to California Code of Civil Procedure section

11   1021.5, or as otherwise provided by law; and

12        29.    For such other and further relief as the Court may deem equitable and

13   appropriate.

14                          **As to the Fifth Cause of Action**

15        30.    That the Court declare, adjudge and decree that Defendants violated California

16   Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages,

17   all vested vacation pay, and/or meal and rest period premiums owed at the time of termination

18   of the employment of Plaintiff and other terminated class members;

19        31.    For all actual, consequential and incidental losses and damages, according to

20   proof;

21        32.    For waiting time penalties according to proof pursuant to California Labor

22   Code section 203 for all employees who have left Defendants' employ;

23        33.    For pre-judgment interest on any unpaid wages from the date such amounts

24   were due, or as otherwise provided by law;

25        34.    For attorneys' fees pursuant to California Code of Civil Procedure section

26   1021.5, or as otherwise provided by law; and

27        35.    For such other and further relief as the Court may deem equitable and

28   appropriate.

CLASS ACTION COMPLAINT                    Exhibit 1, Page 43

1

**As to the Sixth Cause of Action**

2      36.    That the Court declare, adjudge and decree that Defendants violated California

3   Labor Code section 204 by willfully failing to timely pay Plaintiff and class members

4   overtime wages, minimum wages, and/or meal and rest period premiums during their

5   employment;

6      37.    For all actual, consequential and incidental losses and damages, according to

7   proof;

8      38.    For statutory penalties according to proof pursuant to California Labor Code

9   section 210;

10      39.    For pre-judgment interest on any unpaid wages from the date such amounts

11   were due, or as otherwise provided by law;

12      40.    For attorneys' fees pursuant to California Code of Civil Procedure section

13   1021.5, or as otherwise provided by law; and

14      41.    For such other and further relief as the Court may deem equitable and

15   appropriate.

16

**As to the Seventh Cause of Action**

17      42.    That the Court declare, adjudge and decree that Defendants violated California

18   Labor Code section 227.3 by willfully failing to pay all vested vacation wages owed at the

19   time of termination of the employment of Plaintiff and other terminated class members;

20      43.    For all actual, consequential and incidental losses and damages, according to

21   proofs;

22      44.    For prejudgment interest on any unpaid wages from the date of such amounts

23   were due, or as otherwise provided by law;

24      45.    For attorneys' fees pursuant to California Code of Civil Procedure section

25   1021.5, or as otherwise provided by law; and

26      46.    For such other and further relief as the Court may deem equitable and

27   appropriate.

28   //

CLASS ACTION COMPLAINT                    Exhibit 1, Page 44

**As to the Eighth Cause of Action**

47.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

48.     For unpaid business-related expenses and such general and special damages as may be appropriate;

49.     For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due, or as otherwise provided by law;

50.     For all actual, consequential, and incidental losses and damages, according to proof;

51.     For attorneys' fees and costs pursuant to California Labor Code section 2802(c), or as otherwise provided by law; and

52.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

53.     That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing timely to pay Plaintiff and class members all earned wages during employment, failing to pay all vested vacation wages, failing to reimburse Plaintiff and class members for the costs of mandatory drug testing and/or physical examinations, and failing to reimburse Plaintiff and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

55.     For the appointment of a receiver to receive, manage and distribute any and all

1  funds disgorged from Defendants and determined to have been wrongfully acquired by

2  Defendants as a result of violations of California Business & Professions Code sections 17200

3  *et seq.*;

4        56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

5  California Code of Civil Procedure section 1021.5; and

6        57.     For such other and further relief as the Court may deem equitable and

7  appropriate.

8  **As to the Tenth Cause of Action**

9        58.     That the Court declare, adjudge and decree that Defendants' conduct of denying

10  Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes

11  an unfair business practice in violation of California Business and Professions Code sections

12  17200, *et seq.*;

13        59.     For restitution of the statutory benefits under section 226.7 unfairly withheld

14  from Plaintiff and class members and prejudgment interest from the day such amounts were

15  due and payable;

16        60.     For the appointment of a receiver to receive, manage and distribute any and all

17  funds disgorged from Defendants and determined to have been wrongfully acquired by

18  Defendants as a result of violations of California Business & Professions Code sections 17200

19  *et seq.*;

20        61.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

21  California Code of Civil Procedure section 1021.5;

22        62.     For pre-judgment and post-judgment interest as provided by law; and

23  //

24  //

25  //

26  //

27  //

28  //

Exhibit 1, Page 46

63.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 25, 2020                          Respectfully submitted,

                                              Capstone Law APC


                                       By: _____
                                              Mark A. Ozzello
                                              Brandon K. Brouillette
                                              Brooke W. Waldrop

                                              Attorneys for Plaintiff Omar Zine