Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Mark A. Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Joseph Hakakian (SBN 323011)
Joseph.Hakakian@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

*Attorneys for Plaintiff Omar Zine*

Carney R. Shegerian (SBN 150461)
CShegerian@Shegerianlaw.com
Cheryl A. Kenner (SBN 305758)
CKenner@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone:     (310) 860-0770
Facsimile:     (310) 860-0771

*Attorneys for Plaintiff William Baber*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ZINE, individually, and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br>    vs.<br><br>NESPRESSO USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 3:20-cv-05144-SK<br>Consolidated with 3:21-cv-00487-JSC<br><br>Assigned to the Hon. Sallie Kim<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Date:     May 8, 2023<br>Time:    9:30 a.m.<br>Place:   Courtroom C |
| WILLIAM BABER, an individual, on behalf of himself and all others similarly situated and aggrieved,<br><br>            Plaintiff,<br>    vs.<br><br>NESPRESSO USA, INC., a Delaware corporation; NESTLE USA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | |

**ORDER**

This matter came before the Court for a hearing on the Motion for Final Approval of the Class Action and PAGA Settlement (the "Motion"). Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motions, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the requirements of F.R.C.P. 23(e) have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action and PAGA Settlement and Release (collectively, "Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' Counsel; that the settlement is the result of serious, informed, adversarial, and

arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

9. The Settlement Agreement is not an admission by Defendant or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other Released Party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, waiver of defenses, or liability whatsoever by or against Defendant or any of the other Released Parties.

10. Final approval shall be with respect to a Settlement Class comprised of: All persons employed in California by Defendant as non-exempt employees at any time during the period from June 3, 2016 through January 4, 2022.

11. Plaintiffs Omar Zine and William Baber are adequate and suitable representatives and are hereby appointed the Class Representatives for the Settlement Class. The Court finds that Plaintiffs'

investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

12. The Court finds that the attorneys at Capstone Law APC and Shegerian & Associates, Inc. have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Capstone Law APC and Shegerian & Associates, Inc. as counsel for the Settlement Class.

13. The settlement of civil penalties under PAGA in the amount of $80,000 is hereby approved. Seventy-Five Percent (75%), or $60,000, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $20,000, will be paid to PAGA Members.

14. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Participating Class Members. These Participating Class Members have released and forever discharged the Released Parties for any and all Released Class Claims:

> All claims asserted in the Actions, reasonably arising from or related to the facts and claims alleged in the Actions, or that reasonably could have been raised in the Actions based on the facts and claims alleged in the operative civil complaints for each Action and all amendments thereto, including all claims for unpaid wages, minimum wage, overtime compensation, double-time compensation, and interest; the calculation of the regular rate of pay for overtime or for any purpose; meal period and rest-period premiums, including failure to pay premiums at the regular rate of compensation; reimbursement for all necessary business expenses; payment for all time spent in connection with security checks and all hours worked, including off-the-clock and unrecorded work; failure to pay vacation and paid time off upon termination; failure to provide accurate and timely wage statements; unfair business practices; penalties, including, but not be limited to, civil penalties, statutory penalties, recordkeeping penalties, and waiting-time penalties; and attorneys' fees and costs; all claims related to the Released Claims arising under: the California Labor Code (including, but not limited to, sections 200, 201, 202, 203, 204, 210, 218.5, 226, 226.3, 226.7, 227.3, 500, 510, 512, 516, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2800, and 2802), the Wage Orders of the California Industrial Welfare Commission; California Business and Professions Code section 17200, *et seq.* This release excludes the release of claims not permitted by law.

15. Additionally, all PAGA Members and the LWDA have released and forever discharged the Released Parties for any and all Released PAGA Claims: All claims asserted through California Labor Code §§ 2698, *et seq.*, that reasonably arise out of, or are related to, the Released Class Claims during the PAGA Period.

**IT IS SO ORDERED.**

Dated: May 8, 2023

Hon. Sallie Kim
United States Magistrate Judge